FILED

2008 Oct 31 PM 03:49

CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

In Re:                                        )
                                              )        **JUDGE RICHARD L. SPEER**
High Tech Packaging, Inc.                     )
                                              )        Case No. 08-32520
      Debtor(s)                               )
                                              )
                                              )

### DECISION AND ORDER

Before this Court is the Motion of the Trustee for Authority and Notice of Intent to Compromise. (Doc. No. 60). Against this Motion, High Tech Properties, Inc. and Robert F. Hadley Jr., creditors of the Debtor and guarantors of obligations owing by the Debtor, filed a Limited Objection to the Trustee's Motion to Compromise. (Doc. No. 63). A Response to this Objection was then filed by the Trustee (Doc. No. 76), and Creditors, Accord Financial, Inc., (Doc. No. 75), and I.B.C., Inc. (Doc. No. 74). On October 29, 2008, a Hearing was held on this matter. At the conclusion of the Hearing, the Court took the matter under advisement so as to afford the opportunity to further consider the issues raised by the Parties. The Court has now had this opportunity, and finds, for the reasons explained herein, that the Trustee's Motion should be Granted.

### FACTS

The circumstances underlying the Trustee's Motion to Compromise are as follows:

On May 15, 2008, an involuntary petition under Chapter 7 of the United States Bankruptcy Code was filed against the Debtor, High Tech Packaging, Inc. (Doc. No. 1).

On June 9, 2008, this Court adjudicated High Tech Packaging a debtor. (Doc. No. 8). John N. Graham was thereafter appointed the Chapter 7 bankruptcy trustee.

**In re: High Tech Packaging, Inc.**
**Case No. 08-32520**

On June 23, 2008, Chrysler Motors LLC, filed a Motion for Relief from Stay and an Ex Parte Motion for an Expedited Hearing. (Doc. No. 16 & 17). These Motions were based upon the Debtor's possession of certain parts owned by Chrysler which the Debtor had failed to package and ship under an agreement with Chrysler.

The Debtor listed as an asset an accounts receivable claim against Chrysler Motors in the amount of $1,900,000.00. Based upon an earlier extension of credit, Accord Financial, Inc. asserted a secured claim in this account receivable.

On February 28, 2008, I.B.C., Inc., the landlord for the Debtor's business, filed an action in state court seeking unpaid rents and damages in the amount of $220,237.75. Asserting a lien over all property in the leased premises, I.B.C. filed a motion in the state-court case to "Deposit Chrysler's Funds with the Lucas County Clerk of Courts to Secure Payment of Judgment." By way of this Motion, I.B.C. sought to secure payment of the amount of monies owed by the Debtor under their lease agreement. This Motion was filed 12 days after the involuntary petition had been filed against the Debtor. An order was subsequently entered wherein $221,000.00 of the funds owed by Chrysler to the Debtor were deposited in an escrow account to secure payment to I.B.C. Chrysler, in turn, was allowed to gain access to its property.

On July 25, 2008, an adversary proceeding was commenced by the Trustee to remove to this Court the litigation pending in the above state-court action. (Doc. No. 39).

## DISCUSSION

Claims held by a debtor are property of the estate, subject to administration by the bankruptcy trustee. *Demczyk v. The Mutual Life Ins. Co. of New York (In re Graham Square, Inc.)*, 126 F.3d 823, 831 (6th Cir. 1997). Where a claim held by a debtor is not liquidated or is disputed, litigation may be necessary to resolve the claim. Litigation, however, can be costly and impose a burden on the estate. The law, thus, encourages settlements. *See, e.g., Williams v. First Nat'l Bank*, 216 U.S. 582, 595, 30 S.Ct. 441, 54 L.Ed. 625 (1910) ("Compromises of disputed claims are favored by the courts . . . .").

Page 2

**In re: High Tech Packaging, Inc.**
**Case No. 08-32520**

To facilitate settlements in bankruptcy, Bankruptcy Rule 9019 authorizes a trustee to compromise a claim, providing:

(a) Compromise

On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

As the determination of whether the compromise of a claim held by the estate directly involves the administration of estate property, a motion brought under Bankruptcy Rule 9019 is a core proceeding over which this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157.

The overall question, underlying a court's approval of a Rule 9019(a) motion to compromise, is whether the agreement is both fair and equitable, and in the best interest of the estate. *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 868 (6th Cir. B.A.P. 2007); *In re Bell & Beckwith*, 93 B.R. 569, 574 (Bankr.N.D.Ohio 1988). In making this determination, the Supreme Court has instructed that the bankruptcy court is charged with an affirmative obligation to apprise itself "of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968). The Court then further explained that "the judge should form an educated estimate of the complexity, expense, and likely duration of such litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise. *Id.*

These directives from the Supreme Court have been interpreted to mean that the following considerations are to be evaluated when assessing a motion to compromise: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily

Page 3

**In re: High Tech Packaging, Inc.**
**Case No. 08-32520**

attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Fishell*, 47 F.3d 1168 (Table) (6th Cir 1995); *Bard v. Sicherman (In re Bard)*, 49 Fed.Appx. 528, 530 (6th Cir. 2002). The trustee has the burden to establish that a motion to compromise is appropriate with respect to these considerations. *In re Del Grosso*, 106 B.R. 165, 168 (Bankr. N.D.Ill.1989).

Regarding the Trustee's burden, the facts in this case show that the settlement reached by the Trustee confers a significant benefit to the estate. Of primary importance, in the absence of a settlement, the Trustee, to recover on the Debtor's accounts receivable, would have been required to pursue the estate's claim against Chrysler, a course which was likely to consume significant resources given possible defenses and offsets available to Chrysler. Instead, the compromise expeditiously resolved the matter with Chrysler, with the estate gaining the following benefits:

> Chrysler paid on its account receivable the amount of $1,103.682.00. Chrysler assigned the right to the $221,000.00 escrow account to the Trustee.
>
> Chrysler released any claims against the estate, presumptively resolving the Motion for Relief from Stay filed by Chrysler.
>
> Chrysler agreed not to make any claim in this bankruptcy case.
>
> The settlement made explicit that the estate would receive the full benefits of all sums already paid by Chrysler.

Similarly, litigation between Accord, I.B.C. and the Trustee would have been necessary to resolve the proper disposition of the funds paid by Chrysler as well as to those funds held in escrow. The settlement put forth by the Trustee again eliminates the need to pursue such potentially costly and lengthy litigation, providing importantly a tangible benefit to the estate.

Page 4

**In re: High Tech Packaging, Inc.**
**Case No. 08-32520**

First, regarding I.B.C., the terms of the Trustee's proposed settlement provide that any secured claim held I.B.C. on account of a landlord's lien would be reduced by the sums and assets received ($142,000.00) and converted to or stipulated as an unsecured claim. As a result, the Trustee was given immediate access to, and subsequently was able to sell certain packaging inventory that was held by I.B.C. under its putative landlord's lien. The estate also received the value of other assets held by I.B.C., totaling $17,000.00, saving the estate potential costs for removal and storage. In addition, the terms of the settlement eliminated the need for further litigation in the state-court case removed to this Court.

Finally, regarding potential litigation with Accord, the settlement provided that Accord would release its secured claims against the sum paid by Chrysler, $1,103.682.00, as well as its claim for $221,000.00 against the escrow account claim by I.B.C., in exchange for a $1,003,682 distribution, thereby allowing the estate to retain $100,000.00. Accord and I.B.C. then agreed that of the $221,000.00 held in escrow, Accord would receive $96,000.00 and I.B.C. would receive $125,000.00.

Based on this, the Court can only concluded that, after weighing the probability of the Trustee's success in any potential litigation, as well as the difficulties that could be encountered in such litigation – in particular, the potential cost to the estate – the interests of the estate and the creditor body as a whole would be best served by approving the Trustee's Motion to Compromise.

A review of the limited objection filed by High Tech Properties, Inc. and Robert F. Hadley, however, shows that, while they nominally dispute this finding, their major point in opposition goes not to whether the Trustee's proposed settlement is in the best interest of the estate, but to whether the agreement is fair and equitable. In this regard, a prime point of their limited objection was set forth as follows:

> it is Trustee's proposed settlement that he will be paying $1,003,682.00 to
> Accord on its secured claim out of the Chrysler receivable, but will reduce the

Page 5

**In re: High Tech Packaging, Inc.**
**Case No. 08-32520**

> claim of Accord against the Debtor by the amount of the Lucas County Escrow ($221,000) however Accord will only receive $ 96,000.00 from the Lucas County Escrow. However Accord further provides in the Settlement Agreement (Paragraph 6) that this credit they are giving to the Debtor will not reduce its rights of recovery against High Tech Properties and Robert F. Hadley. Jr, guarantors of the Debtors loan, that it allow credit as to the guarantors only to the extent of monies actually received by Accord, not to monies fictitiously received by Accord in allowing monies to be paid to IBC. "This is "smoke and mirrors."

(Doc. No. 63, at pg. 3-4). Put in a nutshell, High Tech Properties, Inc. and Robert F. Hadley put forth that the Trustee's proposed settlement is unfair because their liability, as guarantors on the debt to Accord, will not be reduced by the full $221,000.00 held in escrow, but will instead only be reduced by the $96,00000 actually distributed to Accord, thus making them potentially liable for an additional $125,000.00. They argue that this is unfair because no determination has been made that I.B.C. is a secured creditor with a primary right to the assets.

A proposed settlement agreement will not be approved as fair and equitable if the rights of others, who are not parties to the settlement agreement, are unduly prejudiced. *In re Medical Asset Management*, 249 B.R. 659, 663 (W.D.Pa.2000). In this way, a motion to compromise may not be used as a means to circumvent the Bankruptcy Code's absolute priority rule. *Anderson*, 390 U.S. at 441 (fair and equitable standard incorporates the absolute priority doctrine). Thus, as pointed out in their limited objection, the Trustee may not use its settlement agreement as a means to afford parties a greater distribution of estate assets than what they would have otherwise been entitled to receive under bankruptcy law. However, this is not what the Trustee seeks to do.

By allowing certain parties, particularly, I.B.C. to take part in the proposed settlement without first determining its status as a secured creditor, with a landlord's lien, the Trustee is not seeking to violate the Bankruptcy Code's priority scheme, but is instead only seeking to add value to the estate

Page 6

**In re: High Tech Packaging, Inc.**
**Case No. 08-32520**

by avoiding the cost of litigation which could be incurred if the issue of I.B.C.'s secured status were now litigated. A few points here need mentioning.

First, no argument has been made that I.B.C. does not have a colorable claim as a secured creditor. More important, however, the right of High Tech Properties, Inc. and Robert F. Hadley to object to any proof of claim filed by I.B.C. has not been compromised by the Trustee's proposed settlement. Thus, I.B.C.'s claim may still be litigated in the context of an objection to a proof of claim when it comes time for a distribution of estate assets – assets which may not have been available had the issue of I.B.C. secured status been litigated. In this regard, the Trustee's proposed settlement allows IBC to file a proof of claim, but only as an unsecured creditor, and subject to any rights and defenses the estate may have against the claim.

Finally, a point of distinction must be recognized: Although relevant, the "fair and equitable" standard as applied to Rule 9019 does not measure a settlement's conformity in terms of its complete compliance with the absolute priority rule. Rather, as stated by the Bankruptcy Appellate Panel for the Sixth Circuit, "despite the overlap in terminology, the 'fair and equitable' standard as applied to Rule 9019 does not measure a settlement's conformity with the absolute priority rule . . . , but instead is 'fairness' and 'equity' in the traditional sense." *Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 870 fn.3 (6th Cir. B.A.P. 2007).

Significantly, for this purpose, the right of High Tech Properties, Inc. and Robert F. Hadley to raise a defense, as to their obligations as guarantors, has not been compromised by the Trustee's proposed settlement. If, and when, Accord seeks to assert its rights on their guaranty, High Tech Properties, Inc. and Robert F. Hadley are free to raise any defenses that would have otherwise been available to them. As pointed out by the Trustee: the language of the settlement with respect to the escrow proceeds only involves Accord and I.B.C.; it does not bind either High Tech Properties, Inc. or Robert F. Hadley. (Doc. No. 76, pg. 3).

Page 7

In re: High Tech Packaging, Inc.
Case No. 08-32520

      Given these considerations, the Court cannot discern any inherent inequity in the Trustee's proposed settlement. A decision entered by the Sixth Circuit Court of Appeals, although unpublished, conforms to this result. In *Lyndon Prop. Ins. Co. v. Katz*, 196 Fed.Appx. 383, 387 (6th Cir. 2006), a surety on a bond issued to secure a debtor's contract was held not to confer sufficient grounds to object to a compromise under Bankruptcy Rule 9019(a) because the surety had no interest in the general estate funds. This is likely true here as a guaranty, similar to a surety, both have the same fundamental characteristic: both involve an agreement to be bound for the nonperformance of another person. *See* Black's Law Dictionary 1441 (6th ed. 1990) (comparing a guarantor and a surety).

      For all these reasons, the Court finds that the Trustee's Motion for Authority to Compromise should be Granted. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

      Accordingly, it is

      **ORDERED** that the Motion of the Trustee for Authority to Compromise, be, and is hereby, GRANTED; and that the "Settlement And Release Agreement" attached to the Trustee's Motion to Compromise be, and is hereby, APPROVED.

      Dated: October 31, 2008

                                                _____
                                                   Richard L. Speer
                                                   United States
                                                 Bankruptcy Judge

Page 8

# *CERTIFICATE OF SERVICE*

Copies were mailed this 31st day of October, 2008, to the following parties:

Vaughn A Hoblet
4 SeaGate, 8th Fl
Toledo, OH 43604

Lynn M Brimer
Krista A Jackson
300 E Long Lake Rd, #200
Bloomfield Hills, MI 48304

Dawn R Copley
500 Woodward Ave, #4000
Detroit, MI 48226

Stephen M Bales
925 Euclid Ave, #2020
Cleveland, OH 44115

John N Graham
5151 Monroe St
#245
Toledo, OH 43623

Kurt J Lindower
Thomas J Schank
1700 Canton Ave
Toledo, OH 43604

Robert F. Hadley
PO Box 934
Toledo, OH 43607

Barry E Savage
500 Madison Ave, #315
Toledo, OH 43604

High Tech Packaging, Inc.
500 Madison Ave, #315
Toledo, OH 43604

High Tech Properties Inc.
PO Box 934
Toledo, OH 43697

Daniel Timothy Ellis
4930 Holland-Sylvania Rd
Sylvania, OH 43560

John F Kostyo
1100 E Main Cross St, #200
Findlay, OH 45840

Timothy R Reynolds
1107 Adams St
Toledo, OH 43604

Xpedx, a division of International Paper Co.
c/o Roger A. Zitrick
28401 Schoolcraft Rd, #400
Livonia, MI 48150

Randy T Slovin
9435 Waterstone Blvd, #270
Cincinnati, OH 45249

Office of the U.S. Trustee
201 Superior Ave, E
#441
Cleveland, OH 44114


/s/ Robert C.W. Birmingham
Deputy Clerk, U.S. Bankruptcy Court